JOHNSON, Judge
(dissenting).
I cannot agree with the conclusion reached in the majority opinion for the reasons set forth hereinafter.
This case was before this court heretofore on an appeal from an order granting a summary judgment for specific performance and the order appealed was reversed by this court — see Koplin v. Bennett, 155 So.2d 568 (Fla.App.1963). This court, speaking through Judge Sturgis, in addition to reversing the trial court’s order granting specific performance on the ground that the proofs disclosed controverted facts material to the issues in said cause, making it error to enter summary jtidgment, very ably pointed out certain salient points of law and fact necessary to be present in said case before specific performance could have been granted. In commenting on the facts as presented by the affidavits and depositions filed with the motion for summary judgment, this court found that Mr. Parker was the agent of the plaintiff Bennett and not the agent of the defendants Koplin; that the option agreement in question constituted no more than an offer to sell and that it was not supported by any lawful consideration.
The court then determined that the right to specific performance in said case depended upon the answer to two questions,, viz.: (1) “Whether the plaintiff accepted the offer (to sell) in the manner and form-agreeable to its terms and conditions; (2) assuming that plaintiff made a bona fide but legally insufficient attempt to accept such offer, the question then arises as to whether the defendants actually or impliedly waived strict compliance with the terms and conditions of the offer so as to be compelled to treat the acceptance as being in substantial compliance therewith.”'
The court further said: “We here note that the acceptance of such offer, to result, in a contract, must be absolute and unconditional, identical with the terms of the-offer, and in the mode, at the place, and within the time expressly or impliedly required by the offer.” A number of cases are then cited in support thereof.
From the depositions on file and the alleged letter of acceptance of the offer or election to exercise the alleged option to purchase, it is apparent that there is a discrepancy between the required acts of exercising said option and the conditions of compliance related in the letter. The option or agreement to sell provided:
“do hereby give the said JULIAN R. BENNETT, his heirs and assigns, the privilege of purchasing on or before the 20th day of June, A. D. 1962, the following described real estate, situate in the County of Bay and State of Florida, to-wit: (Description of land given) at and for the price of Ten thousand and no/100 ($10,000.00) Dollars to be paid as follows, viz: Ten thousand and no/100 ($10,000.00) Dollars in cash or assignment of the Elmo B. Bennett interest in the mortgage described below plus any difference in cash to make a total of Ten thousand and no/100 ($10,000.00) Dollars; said cash payment to be made and securities delivered on or before the 20th day of *251 June, A. D. 1962 to LEE E. KOPLIN and wife, CAROL L. KOPLIN.”
It will be noted that no tender of any kind, cash, mortgage or anything, other than the letter, was made to Koplin, as required by the terms of the agreement. It was merely a statement that certain things were .to be left at the office of plaintiff’s agent. In fact, the letter stated that certain things had been left at the office of Parker where.as the evidence shows that those things, the •check and mortgage were not left there until the next day.
At no time was cash payment and the se■curities “delivered to Lee E. Koplin and wife, Carol L. Koplin.” Also, the option called for an assignment of the interest of Elmo B. Bennett in a certain mortgage, not a satisfaction thereof, and cash difference between the interest of Elmo B. Bennett in the mortgage and $10,000.00. No mention was made of interest to be deducted. The plaintiff contends that the defendants read the letter of acceptance and did not raise any objection to the method of acceptance and thereby waived strict compliance with the terms of the offer. Answering this point, this court further stated, and I think correctly, the Rule of law to be (155 So.2d 568):
“We find no rule of law to the effect that the optionee, by serving on op-tionor an inadequate notice of election to exercise the option, casts on the ■optioner any duty to instruct or inform the optionee of the particulars in which the election to exercise the option fails to meet the terms and conditions thereof; nor do we find that under such circumstances the optionor is required to take any affirmative action on the theory that the optionee will amend or correct an inadequate acceptance.”
When evidence was taken, after the case had been reversed and remanded to the lower court, there does not appear any material difference in effect between the evi- • dence submitted in the motion for summary judgment which was heretofore decided by this court, and the later evidence. If anything, the later evidence further established that the points raised by this^court in its former decision should be answered adversely to the appellee-plaintiff. The only pretended consideration for the option was the obtaining of deed for one-sixth interest of plaintiff’s mother in certain lands and it does not appear from the evidence that this prerequisite was ever conveyed to Koplin but only from Bennett to his, Bennett’s agent. Further that, and this was conveyed to Koplin by Bennett’s agent, the land was wanted for the purpose of exchange to the county for a similar parcel of land adjacent to a motel in which plaintiff had an interest. I can see that the defendant could visualize a county park or at least a county “free to the public” bathing and beach area directly across the street or road from defendant’s place of amusement could be an asset and therefore he would have been willing to make such sale for such purpose; but, to permit private ownership for the same parcel, which could be used to cut off any view of defendant’s property from the beach, by establishing a competitive business or a building or business which could hurt the defendant’s use of his property across the street, was another thing. The evidence of all parties, the plaintiff, the defendant and Mr. Parker, the plaintiff’s agent, shows that such option was for the purpose of enabling the plaintiff to make such exchange. True, the plaintiff says that was not a condition of the option athough he did intend to make such exchange. There is no evidence that such exchange was pushed nor really attempted to he made.
A further discrepancy in the pretended acceptance, is that a proposed deed from Koplin to Bennett, his mother and brother was supposedly deposited with Parker, as agent for Bennett, and which was to be executed by the Koplins. This deed did not meet the requirements of the option, either, in that it was a warranty deed without any exception as to -taxes for the years subse *252 quent to 1960 or the mortgage from Kop-lins.
So we see, there were several areas in which ther¿ was not absolute and unconditional acceptance of the offer, identical with terms of the offer, and in the mode, and at the place expressly or impliedly required by the offer.
In view of the matters determined by this court in its former opinion, and the evidence offered at the second hearing, I am convinced that there was a failure of acceptance of the offer to sell and if it is construed as an option, it was without consideration because no conditions to the execution of the option were conveyed by Bennett to Koplin, but only to Bennett’s agent, who did not pass on to Koplin such information, and further, the said option was not exercise as required, nor acceptance waived by the defendant.
For these reasons, I dissent from the majority opinion.